■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT L. MORELLO, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted of seven counts of rape, sodomy and sexual abuse based on lack of consent due to the ages of the two victims. He attacks his

convictions for first degree sodomy and first degree sexual abuse of the younger victim on the ground of lack of proof that she was under 11 years of age at the time of the complained-of acts (Penal Law § 130.50 [3]; § 130.65 [3]). From the proof the jury could have found that the incident occurred during October 1978 on Ontario Street in Niagara Falls, the date charged in the indictment, when this victim was 10 years of age. Although in our view corroboration of her testimony that she was 10 years of age at the time was not required under Penal Law § 130.16 (as added by L 1974, ch 14, eff Mar. 1974), which applied to the offenses in this case *(People v Weyant,* 68 AD2d 608, 612), ample corroboration of this testimony exists in the record.

Further, defendant's challenge to the underlying indictment as duplicitous and vague is groundless. The indictment consisted of 26 counts, each of which specified a month and a year, except counts 2, 17, 20 and 21 which referred only to a year. These four counts were dismissed before trial. Of the remaining 22 counts, the court submitted eight to the jury, involving four specific counts for each victim. The indictment was reasonably precise, considering the ages of the victims and the clandestine, routine and repetitive nature of the offenses *(see, People v Morris,* 61 NY2d 290; *People v Benjamin R.,* 103 AD2d 663). However, the two counts of the indictment charging first and second degree sexual abuse of the younger victim should have been dismissed as lesser included offenses of the counts charging first and second degree sodomy in October 1978 and October 1979, respectively. The record contains no testimony of acts of sexual abuse of this victim independent of the acts of sodomy. Moreover, the jury was not instructed that it had to base its verdicts on separate acts. Rather, the court directed that the jury decide whether the defendant committed both first degree sodomy and first degree sexual abuse in October 1978, when the victim was less than 11 years of age, and second degree sodomy and second degree sexual abuse in October 1979, when she was less than 14 years of age. Thus, there is a reasonable likelihood that the jury convicted defendant of sodomy and sexual abuse for the same conduct which is improper since under these circumstances sexual abuse is clearly a lesser included offense of sodomy *(see, People v Pawley,* 71 AD2d 307, 312; *People v Kalicki,* 49 AD2d 1032). Accordingly, defendant's convictions for first degree sexual abuse and second degree sexual abuse are reversed and the concurrent sentences imposed thereon vacated and these counts of the indictment dismissed as lesser

included offenses which merged into the convictions for first and second degree sodomy *(People v Kalicki, supra; People v De Jesus,* 46 AD2d 868). We have examined the other contentions raised by defendant including his claim that the sentences imposed were harsh and excessive and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—rape, second degree, and other offenses.) Present—Hancock, Jr., J. P., Doerr, Green, O'Donnell and Schnepp, JJ.