■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CHRISTOPHER CRAWFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 13, 1987, convicting him of sodomy in the first degree, sexual abuse in the first degree, assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of sexual abuse in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed; the facts have been considered and determined to have been established.

In view of the People's concession that the sexual abuse charges against the defendant were premised on the very same facts and circumstances as the sodomy charges, it is clear that the defendant's sexual abuse conviction was duplicitous of his sodomy conviction and, therefore, should have been dismissed (see, People v Morello, 115 AD2d 237, lv denied 67 NY2d 654).

The defendant also contends that his guilt was not established because his testimony denying the occurrence of the incident giving rise to his convictions was more credible than the complainant's account which implicated him. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily within the province of the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Douglas, 138 AD2d 731). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's further contention, the trial court did not improvidently exercise its discretion by precluding cross-examination of the victim concerning her prior sexual history with men other than the defendant (see, CPL 60.42; People v Carroll, 117 AD2d 815, lv denied 67 NY2d 940; People v Rockwell, 97 AD2d 853). Moreover, the court's decision to preclude such an inquiry was consistent with the legislative purpose of barring harassment of victims of sexual crimes concerning irrelevant issues and of shielding the jury from confusing and prejudicial matters which have no bearing on the issue of the guilt or innocence of the accused (see,

*People v Boyd,* 122 AD2d 273, 275; *People v Westfall,* 95 AD2d 581).

The defendant's remaining contentions are unpreserved for appellate review and we decline to address them in the exercise of our interests of justice jurisdiction. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.