■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORGAN, Appellant. [599 NYS2d 1022] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered March 26, 1991, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORGAN, JR., Appellant. [599 NYS2d 1022] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered September 24, 1991, convicting him of rape in the first degree, rape in the third degree, sexual abuse in the first degree, and sexual abuse in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who was 25 years old at the time of the incident, was convicted of various charges of sexual misconduct involving a 14-year-old girl. Contrary to the defendant's contention, we find that the court did not improvidently exercise its discretion in precluding cross-examination of the victim concerning her prior sexual conduct *(see,* CPL 60.42; *People v Crawford,* 143 AD2d 141).

The defendant's claims that remarks made by the prose-

cutor in summation constituted error are either unpreserved for appellate review (see, CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818) or do not warrant reversal of the judgment (see, *People v Arce*, 42 NY2d 179). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.