■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZEQUIEL MALDONADO, Appellant. [606 NYS2d 258] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 10, 1992, convicting him of sodomy in the first degree (four counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The nine-year-old infant complainant's answers to the highly suggestive preliminary examination conducted by the Trial Judge and the prosecutor demonstrate that she did not have " 'some conception' of the obligations of an oath and the consequences of giving false testimony" *(People v Parks,* 41 NY2d 36, 46). Although she could differentiate between the truth and a lie, we are not satisfied that her perfunctory, one-word, or nonverbal responses to the mostly leading questions demonstrate that she understood that there is a special moral duty to tell the truth while under oath. Therefore, the trial court erred in allowing that witness to give sworn testimony.

We further find that the court's error in permitting the infant complainant to testify under oath requires reversal and a new trial in the present case. It is well established that a person cannot be convicted of a crime solely on the testimony of an unsworn witness *(see,* CPL 60.20 [3]; *see also, People v Riggio,* 144 AD2d 951), and when the witness is unsworn, the People must present legally sufficient corroborative evidence which tends to establish the crime and that the defendant committed it *(see, People v Groff,* 71 NY2d 101, 109-110). Since the corroborative evidence presented in the case before us was not overwhelming, we find that the court's error in permitting

the complainant to testify under oath cannot be deemed harmless *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either without merit or need not be addressed in light of our determination. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.