■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RISING, Appellant. [735 NYS2d 680] —Judgment unani-

mously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count each of sodomy in the first degree (Penal Law § 130.50 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant did not preserve for our review his contention that County Court erred in permitting a physician to testify based on his review of hospital records that were not admitted in evidence (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Defendant's contention that the six-year-old victim's competency to testify was not adequately established is also unpreserved for our review (*see*, CPL 470.05 [2]) and in any event lacks merit. "The resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review," and should not be disturbed absent a clear abuse of discretion (*People v Parks*, 41 NY2d 36, 46). Contrary to defendant's further contention, the verdict is not against the weight of the evidence. The jury's resolution of credibility issues is entitled to great deference and it cannot be said here that the jury failed to give the evidence the weight it should be accorded (*see*, *People v Bleakley*, 69 NY2d 490, 495).

We conclude, however, that the third count of the indictment charging sexual abuse in the first degree should have been dismissed as a lesser included offense of the second count charging sodomy in the first degree (*see*, *People v Morello*, 115 AD2d 237, 238-239, *lv denied* 67 NY2d 654). There was no evidence of separate acts of sexual abuse independent of the acts of sodomy. Although defendant failed to raise this issue, we modify the judgment as a matter of discretion in the interest of justice by reversing the conviction of sexual abuse in the first degree under count three of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment.

We have examined the remaining contentions of defendant, including his challenge to the severity of the sentence, and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Sodomy, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.