■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMISON, Appellant. [857 NYS2d 623]—

Appeal by the defendant from a judgment of the County

Court, Nassau County (Berkowitz, J.), rendered June 29, 2004, convicting him of sodomy in the first degree, rape in the first degree, criminal possession of stolen property in the fifth degree, assault in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his convictions of sodomy in the first degree, rape in the first degree, and unlawful imprisonment in the second degree. However, the defendant's argument is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v James*, 35 AD3d 762 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in precluding cross-examination of the complainant concerning her sexual history with her ex-boyfriend (*see* CPL 60.42; *People v Crawford*, 143 AD2d 141, 142 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions either are without merit or do not require reversal. Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.