# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1219**
**KA 11-00896**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARRYL R. BROWN, DEFENDANT-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered January 4, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal sexual act in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that Supreme Court erred in permitting a six-year-old child to give sworn testimony. Contrary to the People's contention, the contention of defendant is preserved for our review. We nevertheless conclude that it is without merit.

The presumption that a child less than nine years old is incapable of giving sworn testimony "is overcome . . . if the court is satisfied that the child 'understands the nature of the oath' " (*People v Morales*, 80 NY2d 450, 453). The court's determination of competency is "necessarily individualistic in nature" (*People v Nisoff*, 36 NY2d 560, 566), and it is subject to limited appellate review, inasmuch as the trial court has the unique "opportunity to view the witness[ and] to observe manner, demeanor and presence of mind" (*People v Parks*, 41 NY2d 36, 46). Thus, we will not disturb the court's determination "absent a clear abuse of discretion" (*People v Rising*, 289 AD2d 1069, 1070, *lv denied* 97 NY2d 732; *see also People v Thompson*, 59 AD3d 1115, 1117, *lv denied* 12 NY3d 852, 860).

Here, the court did not abuse its discretion in permitting the child to give sworn testimony (*see People v McIver*, 15 AD3d 677, *lv denied* 4 NY3d 888; *People v Munroe*, 307 AD2d 588, 591, *lv denied* 100

NY2d 644; *cf. People v McGrady*, 45 AD3d 1395, *lv denied* 10 NY3d 813; *People v Davis*, 304 AD2d 421, *lv denied* 100 NY2d 619). "Although [the child] gave perfunctory answers to the court's sometimes leading questions, her testimony, as a whole, demonstrated that she understood she had a moral duty to tell the truth" (*People v Brill*, 245 AD2d 384, 385, *lv denied* 91 NY2d 889; *cf. People v Maldonado*, 199 AD2d 563). Even assuming, arguendo, that the child was improperly permitted to give sworn testimony, we conclude that the error is harmless because she would properly have been permitted to testify as an unsworn witness (*see* CPL 60.20 [2]), and her testimony was sufficiently corroborated by other evidence, including defendant's own statements (*see People v Mendoza*, 49 AD3d 559, 560, *lv denied* 10 NY3d 937; *McIver*, 15 AD3d 677; *People v Lynch*, 216 AD2d 929, *lv denied* 87 NY2d 904; *cf. Maldonado*, 199 AD2d 563).

Furthermore, even assuming, arguendo, that defendant's challenge to the sufficiency of the evidence is preserved for our review, we conclude that it lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). With respect to his statements to the police, defendant contends that the court erred in refusing to suppress those statements because the police investigator to whom he made the statements had an initial conversation with him to build a rapport before advising him of his *Miranda* rights. Defendant failed to preserve that contention for our review (*see People v Monroe*, 39 AD3d 1276, *lv denied* 9 NY3d 867; *see also People v Major*, 195 AD2d 1051), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see Monroe*, 39 AD3d 1276).

Finally, the sentence is not unduly harsh or severe.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court