(December 26, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE LASHWAY, Appellant. [978 NYS2d 388]—

Egan Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered December 2, 2010, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child and endangering the welfare of a child (two counts).

Between June 23, 2009 and October 12, 2009, the victim (born in 2002) and his younger brother (born in 2005) spent a significant amount of time at defendant's residence in the City of Troy, Rensselaer County. These visits with defendant, whom the children's mother described as the boys' "great-great uncle," included overnight visits "every other weekend" and, "depending on what was going on," additional periods of time during the week. Beginning with the second such visit, defendant inserted a purple vibrator that belonged to his girlfriend into the victim's anus—a practice he repeated on more than five occasions during the time frame in question. As a result, defendant was indicted and charged with—insofar as is relevant here— predatory sexual assault against a child and endangering the welfare of a child (two counts). Following a jury trial, defendant was convicted of these counts and was sentenced to a prison term of 25 years to life on the predatory sexual assault conviction and concurrent one-year terms on the endangering the welfare of a child convictions. This appeal by defendant ensued.

We affirm. "A witness less than nine years old may not testify under oath unless the court is satisfied that he or she understands the nature of an oath. . . . A witness understands the nature of an oath if he or she appreciates the difference be-

tween truth and falsehood, the necessity for telling the truth, and the fact that a witness who testifies falsely may be punished" (CPL 60.20 [2]; *see People v Alexander*, 109 AD3d 1083, 1084 [2013]; *People v Batista*, 92 AD3d 793, 793 [2012], *lv denied* 19 NY3d 957 [2012]). "The determination as to whether a child is competent to testify rests primarily with the trial court, which had the opportunity to observe the child's demeanor and undertake any inquiries necessary to disclose the witness's capacity and intelligence" (*People v Spillett*, 294 AD2d 605, 606 [2002], *lv denied* 98 NY2d 702 [2002] [citation omitted]; *see People v Brown*, 89 AD3d 1473, 1474 [2011], *lv denied* 18 NY3d 955 [2012]). Here, the voir dire of the victim demonstrated that he knew the difference between telling the truth and telling a lie, understood that he was in a courtroom for a "[t]rial"—wherein he would be required to "[t]ell the truth" about "[w]hat happened" when defendant "[m]olested" him— and that he would "get in trouble" if he told a lie. Even assuming, as defendant contends, that the victim "gave perfunctory answers to the court's sometimes leading questions," County Court's inquiry as a whole demonstrated that the victim "understood [he] had a moral duty to tell the truth" (*People v Brown*, 89 AD3d at 1474 [internal quotation marks and citation omitted]; *see People v Lapi*, 105 AD3d 1084, 1087 [2013], *lv denied* 21 NY3d 1043 [2013]). Accordingly, County Court did not abuse its discretion in permitting the victim to give sworn testimony (*see People v Mendoza*, 49 AD3d 559, 560 [2008], *lv denied* 10 NY3d 937 [2008]; *People v Munroe*, 307 AD2d 588, 591 [2003], *lv denied* 100 NY2d 644 [2003]; *People v Donk*, 259 AD2d 1018, 1019 [1999], *lv denied* 93 NY2d 924 [1999]; *People v Christie*, 241 AD2d 699, 700 [1997], *lv denied* 90 NY2d 938 [1997]).

Nor are we persuaded that County Court erred in admitting the testimony of the sexual assault nurse examiner (hereinafter SANE) who examined the victim and his brother in December 2009. "A trial court has the initial responsibility of evaluating whether an expert possesses the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*People v Burt*, 270 AD2d 516, 518 [2000] [internal quotation marks and citations omitted]). To that end, "[the] expert's competency can be derived from either formal training or [l]ong observation and *actual* experience" (*id.* [internal quotation marks and citations omitted]). Notably, "[t]he admissibility and scope of expert testimony are [matters] committed to the sound discretion of the trial court" (*People v Heath*, 49 AD3d 970, 972-973 [2008], *lv denied* 10 NY3d 959 [2008]; *see People v Heidel-*

*mark*, 214 AD2d 767, 770 [1995], *lv denied* 85 NY2d 973 [1995]; *see also People v Lupo*, 92 AD3d 1136, 1138 [2012]).

Here, the witness, who had been a registered nurse for more than 25 years, testified that she completed a 40-hour course and the corresponding clinical work required to become certified as an adult SANE and, as of the time of trial, had been practicing in that capacity for almost three years. The witness further testified that she also completed an additional 40-hour course in order to become certified as a pediatric SANE and had taken seminars offered by the State Police on sexual abuse and child abuse. Although the witness admittedly was still performing her clinical work—and was being shadowed by another SANE—at the time that she examined the victim and his brother, her education and training provided a sufficient foundation for her testimony (*see generally People v Sudler*, 75 AD3d 901, 905 [2010], *lv denied* 15 NY3d 956 [2010]; *People v Prowse*, 60 AD3d 703, 704 [2009], *lv denied* 12 NY3d 858 [2009]), and her relative lack of experience as a pediatric SANE (*compare People v Morehouse*, 5 AD3d 925, 928 [2004], *lv denied* 3 NY3d 644 [2004]) went to the weight to be accorded to her testimony, not its admissibility. In short, we are of the view that County Court "providently exercised its discretion in permitting [her] to provide expert testimony" (*People v Verrilli*, 69 AD3d 963, 964 [2010], *lv denied* 14 NY3d 894 [2010]).

Defendant's challenge to the legal sufficiency and the weight of the evidence is equally unavailing. Insofar as is relevant here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96). To that end, "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration: (a) he or she engages in two or more acts of sexual conduct, which includes at least one act of . . . aggravated sexual contact, with a child less than [11] years old" (Penal Law § 130.75 [1]). Here, there is no dispute that defendant (born in 1947) and the victim (born in 2002) fell within the statutory age requirements at the time that the underlying crimes were committed, and there can be no question that inserting a vibrator into the victim's anus (on more than five occasions) constitutes aggravated sexual contact (*see* Penal Law § 130.00 [9], [11]). Hence, our inquiry distills to whether the People established that the acts in question occurred "over a period of time not less than three months in duration" (Penal Law § 130.75 [1] [a]) and that the victim

incurred "physical injury" in the form of "substantial pain" as a result thereof (Penal Law §§ 10.00 [9]; 130.00 [11]).

As to the temporal element, the victim testified that he started going to defendant's house during the "summer," that defendant first gave him a "bad touch"—defined by the victim as defendant inserting the purple vibrator into his "tushy" on more than five occasions—on his second visit to defendant's residence and that at least one of the bad touches occurred after he went back to school. Although this testimony—standing alone—would not be sufficient to establish that the sexual conduct occurred over a period of time not less than three months in duration, this deficiency was cured by the testimony offered by the victim's mother and defendant's girlfriend. In this regard, the victim's mother testified that the victim first spent the night at defendant's residence on the last day of school—June 23, 2009—and last spent the night there on October 12, 2009. Between those two dates, the victim was at defendant's residence "[a]ll the time, every other weekend, four times a week, three times a week, depending on what was going on." Similar testimony was offered by defendant's girlfriend, who confirmed that—between June 2009 and October 2009—the mother's children frequently visited and spent the night at the residence that she shared with defendant. Defendant's girlfriend further acknowledged that the victim "slept over the most"—an interval defined as "[a]lmost every weekend" and "[s]ometimes during the week." Such testimony, coupled with the victim's testimony that the bad touches occurred on more than five occasions, is more than sufficient to establish that defendant engaged in the requisite acts of sexual conduct over the period of time set forth in the statute.

As to the "substantial pain" element, suffice it to say that given the age of the victim at the time that the underlying crimes were committed (seven years old), the nature of the foreign object in question (a vibrator that defendant's girlfriend identified and acknowledged belonged to her) and the victim's testimony on this point, we are satisfied that the sexual acts perpetrated upon the victim by defendant caused "physical injury" (Penal Law § 130.00 [11]) to the victim in the form of "substantial pain" (Penal Law § 10.00 [9]). Accordingly, based upon our review of the record as a whole, we find that the verdict is supported by legally sufficient evidence and is in accord with the weight of the evidence. Defendant's remaining contentions, including his claim of prosecutorial misconduct and his assertion that County Court erred in denying his motion to set aside the verdict without a hearing, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.