## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 12, 2015                    105982
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

RYAN NOVICK,
                        Appellant.
_____

Calendar Date:   January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____

Cliff Gordon, Monticello, for appellant.

D. Holley Carnright, District Attorney, Kingston (Timothy D. Lawson of counsel), for respondent.

_____

Devine, J.

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 6, 2013, upon a verdict convicting defendant of the crimes of robbery in the third degree and grand larceny in the third degree.

Defendant was charged in an indictment with robbery in the third degree and grand larceny in the third degree as a result of his alleged involvement in a bank robbery in the Town of Saugerties, Ulster County.  A jury convicted defendant of both charges and defendant was sentenced to a prison term of 3½ to 7 years.  Defendant appeals, and we affirm.

Defendant contends that the jury's verdict is against the

weight of the evidence.[1]  Under that analysis, if a different
result would not have been unreasonable, we must then "weigh the
relative probative force of conflicting testimony and the
relative strength of conflicting inferences that may be drawn
from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987]
[internal quotation marks and citation omitted]; see People v
Murphy, 66 AD3d 1234, 1235 [2009]).  Where, as here, the People
seek to convict a defendant as an accomplice, "the evidence must
demonstrate that [the] defendant share[d] the intent or purpose
of the principal actor" (People v Rupert, 118 AD3d 1126, 1126-
1127 [2014] [internal quotation marks and citations omitted]).

    The evidence presented at trial, which included testimony
from defendant's girlfriend, Amanda Muhs, revealed that
defendant's associate, John Streb, entered Sawyer Savings Bank
wearing a hat and sunglasses and presented a teller with an
envelope and a note stating, "I got a gun.  Give me all of the
money and no dye pack and you will not get hurt."  After the
teller gave Streb approximately $12,000, which included $500 in
bait money, he ran back to the getaway vehicle driven by
defendant.  From there, defendant, Streb and Muhs drove south on
the New York State Thruway and stopped at a nearby service plaza.
After having been notified of the bank robbery and given a
description of the vehicle, police officers located the vehicle
in the parking lot of the service plaza.  One witness, Officer
Jeremy Rushkoski, averred that he observed defendant walking
toward the vehicle and noticed that he "had a look of surprise
and shock."  Rushkoski followed and eventually arrested defendant
after he attempted to run away and conceal himself under leaves
on the ground.  After Streb and Muhs were eventually apprehended
at the service plaza, police officers found an envelope in the
vehicle containing more than $12,000, including the $500 of bait
money that was traced back to Sawyer Savings Bank.  Additionally,
the People presented evidence that defendant's DNA was found on
items inside the vehicle, as well as on the steering wheel, gear

---

    [1]  Although defendant's general motion to dismiss failed to
preserve his legal sufficiency argument, we necessarily consider
the proof in deciding his weight of the evidence argument (see
People v Simmons, 115 AD3d 1018, 1019 [2014]).

shift and interior driver-side door handle.

Defendant insists that, because Muhs' testimony was so patently incredible, the jury did not have the requisite proof to have reasonably determined that he was guilty of the charged crimes.  However, that Muhs testified against defendant in exchange for a favorable plea deal does not render her testimony incredible as a matter of law (see People v Mercado, 113 AD3d 930, 932 [2014], lv denied 23 NY3d 1040 [2014]; People v Estella, 107 AD3d 1029, 1031 [2013], lv denied 21 NY3d 1042 [2013]).  Having viewed the evidence in a neutral light and accorded deference to the "jury's superior position to determine witness credibility," we cannot agree that defendant's convictions were contrary to the weight of the evidence (People v Anderson, 118 AD3d 1138, 1142 [2014], lv denied ___ NY3d ___ [Jan. 20, 2015]; see People v Robinson, 121 AD3d 1405, 1407 [2014]; People v Merritt, 96 AD3d 1169, 1171 [2012], lv denied 19 NY3d 1027 [2012]).

Defendant challenges certain portions of County Court's Sandoval compromise, asserting that the prejudice caused by permitting the People to inquire about his prior convictions outweighed any probative value and ultimately prevented him from taking the stand in his own defense.  We disagree and determine that the court soundly exercised its discretion in fashioning an order that would provide the People with opportunities to challenge defendant's veracity and demonstrate his willingness to place his own interests above those of society, while minimizing any undue risk of prejudice (see People v Olson, 110 AD3d 1373, 1375-1376 [2013], lv denied 23 NY3d 1023 [2014]; People v Kirton, 36 AD3d 1011, 1013 [2007], lv denied 8 NY3d 947 [2007]; People v Hunter, 273 AD2d 500, 502 [2000], lv denied 95 NY2d 935 [2000]).

Likewise, County Court properly granted the People's Molineux application seeking to introduce evidence regarding two bank robberies in which defendant had participated on the day before the Sawyer Savings Bank robbery.  Testimony regarding the role that defendant played in these two alleged bank robberies had considerable probative value in relation to establishing defendant's intent "[g]iven the temporal proximity and clear nexus between [the two prior bank robberies] and the charged

offenses" (<u>People v Towndrow</u>, 62 AD3d 1028, 1030 [2009], <u>lv denied</u> 13 NY3d 750 [2009]).

Nor do we find any merit in defendant's assertion that comments made during the People's summation shifted the burden of proof to defendant or otherwise constituted a "'pervasive pattern of flagrant misconduct'" that would compel us to reverse defendant's convictions (<u>People v Jabaut</u>, 111 AD3d 1140, 1146 [2013], <u>lv denied</u> 22 NY3d 1139 [2014], quoting <u>People v Sorrell</u>, 108 AD3d 787, 793 [2013], <u>lv denied</u> 23 NY3d 1025 [2014]).

Defendant's remaining argument has been considered and found lacking in merit.

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court