*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    106298
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

SHANE R. FOURNIER,
                        Appellant.
_____

Calendar Date:  January 11, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Randolph V. Kruman, Cortland, for appellant.

        Kevin Jones, Special Prosecutor, Ithaca, for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Cortland
County (Ames, J.), rendered August 13, 2013, upon a verdict
convicting defendant of the crimes of criminal sexual act in the
first degree, predatory sexual assault against a child, sexual
abuse in the first degree and endangering the welfare of a child.

        In January 2013, a seven-year-old child (hereinafter the
victim) attended a karate class taught by defendant.  Although
the class ordinarily included another student, the victim was
alone with defendant during the lesson, which lasted one hour.
Upon returning home from the class, the victim reported that,
during the class, defendant pulled down his pants and put his
penis into the victim's mouth.  The next day, the police were
notified and, after an investigation, defendant was charged in a
four-count indictment with criminal sexual act in the first

degree, predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child. Following a jury trial, defendant was convicted as charged. Defendant now appeals and we affirm.

Initially, defendant's argument that the People's evidence was legally insufficient to support the verdict was not preserved for our review because he did not renew the motion to dismiss — made at the close of the People's proof — after he testified on his own behalf (see People v Robinson, 123 AD3d 1224, 1225 [2014], lvs denied 25 NY3d 992, 993 [2015]). Nonetheless, we necessarily consider whether all the elements of the crimes charged were proven as part of our weight of the evidence review (see People v Thiel, 134 AD3d 1237, 1238 [2015]; People v Valverde, 122 AD3d 1074, 1075 [2014]). Under a weight of the evidence analysis, "if a different result would not have been unreasonable, [this Court] must then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Novick, 126 AD3d 1134, 1134 [2015], lv denied 25 NY3d 1075 [2015] [internal quotation marks and citations omitted]).

Relevant here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . criminal sexual act in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96). As to the underlying crime, "[a] person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct . . . with another person . . . [w]ho is less than [11] years old (Penal Law § 130.50 [3]). "A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [w]hen the other person is less than [11] years old" (Penal Law § 130.65 [3]). Defendant's conviction of endangering the welfare of the child "requires proof that defendant 'knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old'" (People v Beauharnois, 64 AD3d 996, 1001 [2009], lv denied 13 NY3d 834 [2009], quoting Penal Law § 260.10 [1]).

At trial, it was undisputed that defendant and the victim were 42 and 7 years old, respectively, at the time the alleged acts occurred. The victim's father testified that he left the victim alone with defendant and went for a walk around the facility parking lot, checking in periodically. The victim testified at first that she could not remember what happened during the karate class, and that she did not touch defendant. After this initial hesitancy, the victim confirmed that defendant did put his penis into her mouth and described the event with specific detail, adding that defendant told her "don't tell anybody." The victim's mother testified that when the victim returned home from class that evening, she reported in a "matter of fact" way what defendant had done. Defendant testified that the event described by the victim never occurred. He confirmed that he had previously been convicted of petit larceny, but had never been convicted of a sex crime.

In our view, a different verdict would not have been unreasonable because, as defendant argues, the child's testimony was initially equivocal and defendant denied the event. As such, we weigh the probative force of conflicting testimony and inferences to be drawn therefrom (see People v Jackson, 128 AD3d 1181, 1182 [2015], lv granted 26 NY3d 1089 [2015]; People v Novick, 126 AD3d at 1134). Insofar as the victim's initial testimony was inconsistent, "[this Court has] long recognized that it is not uncommon for young children to be uncertain and even inconsistent in their trial testimony" (People v Beauharnois, 64 AD3d at 998 [internal quotation marks and citations omitted]; see People v Russell, 116 AD3d 1090, 1092 [2014]). Having seen and heard the victim's testimony, which was specific as to the event, and noting that she was cross-examined, we find that the jury was entitled to credit her testimony. This is particularly so given the victim's prompt "matter of fact" disclosure to her mother, which served to corroborate her testimony (see People v Rosario, 17 NY3d 501, 511-513 [2011]). Giving the requisite deference to the jury's credibility determinations, we find that each of the convictions was supported by the weight of the credible evidence (see People v Thiel, 134 AD3d at 1239; People v Santiago, 118 AD3d 1163, 1164-1165 [2014], lv denied 24 NY3d 964 [2014]).

We reject defendant's argument that County Court improperly received sworn testimony from the minor victim. Generally, a witness less than nine years old may not testify under oath unless the court confirms that he or she understands the nature of an oath (see CPL 60.20 [2]; People v Lashway, 112 AD3d 1222, 1222 [2013]). "'The resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review'" (People v Miller, 295 AD2d 746, 748 [2002], quoting People v Parks, 41 NY2d 36, 46 [1976]; see People v Lashway, 112 AD3d at 1223). Here, the victim was questioned at length outside of the presence of the jury. During this testimony, she confirmed that she understood the difference between the truth and a lie, that it was necessary that she tell the truth and that it was wrong and she could be punished if she did not tell the truth during her testimony. Accordingly, we find that County Court did not abuse its discretion in allowing the victim to give sworn testimony (see People v Lashway, 112 AD3d at 1223; People v Mendoza, 49 AD3d 559, 560 [2008], lv denied 10 NY3d 937 [2008]; People v Munroe, 307 AD2d 588, 591 [2003], lv denied 100 NY2d 644 [2003]).

Defendant also argues that he was improperly cross-examined regarding prior bad acts. After a pretrial Sandoval hearing, County Court ruled that the People could question defendant with regard to a prior petit larceny conviction. During the trial, the People questioned defendant with regard to his alleged prior drinking and a fight with a coworker. Defendant objected to the relevancy of these questions, but did not raise the issue presented on this appeal — that the questions violated the court's Sandoval ruling. Absent a specific objection on this point during cross-examination, the issue is not preserved for our review (see People v Facey, 48 AD3d 210, 210-211 [2008], lv denied 10 NY3d 840 [2008]; People v Siriani, 27 AD3d 670, 670 [2006], lv denied 6 NY3d 898 [2006]; People v Booth, 265 AD2d 485, 485 [1999], lv denied 94 NY2d 860 [1999]).

Finally, we find that defendant failed to preserve his argument that he was denied the right to a fair trial based on certain comments made by a prospective juror during jury selection. Following the offending comments, County Court excused the juror and defendant did not make any contemporaneous

request for relief (see People v Bruno, 63 AD3d 1297, 1299 [2009], lv denied 13 NY3d 858 [2009]; People v Scott, 276 AD2d 371, 372 [2000], lv denied 95 NY2d 968 [2000]).

   McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


   ORDERED that the judgment is affirmed.




            ENTER:

            Robert D. Mayberger
            Clerk of the Court