Matter of Lamark H. (2019 NY Slip Op 01598)





Matter of Lamark H.


2019 NY Slip Op 01598


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-12523
 (Docket No. E-17380-16)

[*1]In the Matter of Lamark H. (Anonymous), Jr., appellant.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Rebecca L. Visgaitis of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding, Lamark H., Jr., appeals from an order of disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated October 30, 2017. The order of disposition adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review an order of fact-finding of the same court dated May 23, 2017, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree (two counts), and sexual misconduct.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The appellant was accused of touching the six-year-old complainant's vagina and placing his penis in her mouth. Following a hearing to determine the complainant's competency to give sworn testimony, the Family Court determined that the six-year-old complainant understood the nature of testifying under oath and was therefore competent to be sworn as a witness. After a fact-finding hearing, the court found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree, sexual abuse in the first degree (two counts), and sexual misconduct.
The Family Court did not improvidently exercise its discretion in allowing the six-year-old complainant to testify as a sworn witness, as she had " some conception' of the obligations of an oath and the consequences of giving false testimony" (People v Parks, 41 NY2d 36, 46, quoting People v Washor, 196 NY 104, 109). The complainant's testimony, as a whole, demonstrated that she understood that she had a moral duty to tell the truth (see People v Lashway, 112 AD3d 1222; People v Brill, 245 AD2d 384). She knew the difference between the truth and a lie, knew that a promise to tell the truth must be adhered to, knew that she would be punished if she did not tell the truth, and stated that she would tell the truth in court (see Matter of James B., 262 AD2d 480).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Brandon V., 133 AD3d 769), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter [*2]of Dajahn M., 110 AD3d 812). The hearing court's credibility determinations should not be disturbed unless clearly unsupported by the record (see Matter of Roberto C.E.-C., 160 AD3d 851). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court