People v Saxe (2019 NY Slip Op 05345)





People v Saxe


2019 NY Slip Op 05345


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

109526

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JONATHAN R. SAXE, Appellant.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered February 16, 2017, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree and endangering the welfare of a child.
In May 2016, defendant was charged with criminal sexual act in the first degree and endangering the welfare of a child based upon allegations that, between July 2011 and October 1, 2012, defendant engaged in oral sexual contact with a male relative, who was six or seven years old at the time. Following a jury trial, at which County Court permitted the People to present evidence of defendant's alleged prior sexual abuse of two female relatives, defendant was convicted as charged. Defendant was subsequently sentenced to a prison term of five years, followed by five years of postrelease supervision, for his conviction of criminal sexual act in the first degree and a concurrent jail term of one year for his conviction of endangering the welfare of a child. Defendant appeals.
Initially, we are unpersuaded by defendant's contention that the verdict is against the weight of the evidence. As relevant here, "[a] person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct
. . . with another person . . . [w]ho is less than [11] years old" (Penal Law § 130.50 [3]). Additionally "[a] person is guilty of endangering the welfare of a child when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]).
The victim testified that, when he was six or seven years old, he and defendant were lying on the floor in his sister's bedroom and defendant asked him to put his mouth on defendant's penis, which he did. The victim described the incident in detail, providing specific testimony as to how defendant acted during the encounter, the length of the encounter and the room in which it occurred, including that there was a dialysis machine in the bedroom. Although [*2]the victim could not recall exactly when the incident occurred, the victim's mother testified that the victim's sister had a dialysis machine beginning in July 2011 and that defendant moved out of the home in October 2012. Although it would not have been unreasonable for the jury to have reached a different verdict, when we view the evidence in a neutral light and defer to the jury's credibility determinations, we find that the verdict is supported by the weight of the evidence (see People v Fournier, 137 AD3d 1318, 1319-1320 [2016], lv denied 28 NY3d 929 [2016]; People v Thiel, 134 AD3d 1237, 1239-1240 [2015], lv denied 27 NY3d 1156 [2016]).
We, however, find merit to defendant's contention that County Court's Molineux ruling — which allowed the People to introduce evidence during their case-in-chief of defendant's alleged prior sexual contact with two female relatives — deprived him of a fair trial. Generally, "evidence of uncharged crimes is inadmissible where its purpose is only to show a defendant's bad character or propensity towards crime" (People v Morris, 21 NY3d 588, 594 [2013]; see People v Alvino, 71 NY2d 233, 242 [1987]). Evidence of a defendant's prior bad acts may, however, be admissible if it is relevant to a material issue other than the defendant's criminal propensity — such as intent, motive or to establish a common scheme or plan — and if the probative value of the evidence outweighs any prejudicial effect (see People v Giles, 11 NY3d 495, 499 [2008]; People v Alvino, 71 NY2d at 242- 243).
Consistent with their Molineux application, the People presented testimony from two of defendant's female relatives, who each testified in detail as to instances of alleged sexual abuse perpetrated against them by defendant more than seven years prior to the victim's disclosure. The female relatives specifically testified to repeated instances of oral sex, vaginal sex and digital penetration by defendant, and one of the female relatives stated that defendant forced her and the other female relative to perform sexual acts upon each other as he watched. Contrary to County Court's conclusion, such detailed testimony was not necessary to complete the narrative as to how and why the victim's disclosure occurred (compare People v Jones, 101 AD3d 1482, 1483 [2012], lv denied 21 NY3d 1017 [2013]; People v Justice, 99 AD3d 1213, 1215 [2012], lv denied 20 NY3d 1012 [2013]). Additionally, the prior uncharged acts did not bear a sufficient similarity to the incident underlying the charged crimes so as to constitute, as the People argued, a common scheme or plan or demonstrate defendant's intent or motive (see People v Buskey, 45 AD3d 1170, 1172-1173 [2007]; compare People v Denson, 26 NY3d 179, 186-188 [2015])[FN1]. Accordingly, as the People failed to establish that the proffered evidence was probative of a material issue other than defendant's criminal propensity, County Court erred in permitting such evidence (see People v Brown, 114 AD3d 1017, 1020 [2014]). Moreover, even if the proffered evidence were relevant to some nonpropensity purpose, County Court erroneously determined that the probative value of the evidence outweighed its prejudicial effect (see People v Scaringe, 137 AD3d 1409, 1417 [2016], lv denied 28 NY3d 936 [2016]).[FN2]
Given that the evidence supporting the convictions was not overwhelming, we cannot conclude that County Court's error in permitting detailed testimony from defendant's alleged prior victims was harmless (see People v Brown, 114 AD3d at 1020; People v Buskey, 45 AD3d at 1174). Such error was compounded by County Court allowing evidence concerning another child victim, which was not included in the People's Molineux proffer, as well as testimony from the victim's mother and a detective as to defendant's admissions regarding one of the female relatives. Although the court gave appropriate limiting instructions to the jury, the pervasive nature of the improper and prejudicial testimony could not be remedied by those instructions. Such testimony gave rise to a significant risk that the jury convicted defendant based, in whole or in part, upon the conclusion that he was a serial sex offender who had not been punished for his [*3]prior uncharged crimes (see People v Buskey, 45 AD3d at 1174). Under these circumstances, the judgment of conviction must be reversed.
One other issue bears noting. County Court erroneously permitted the mother and a detective to provide impermissible hearsay testimony regarding the victim's disclosure of the incident. The disclosure, which took place more than 2½ years after the underlying incident, well after defendant moved out of the victim's home, was not sufficiently prompt so as to qualify under the prompt outcry exception to the hearsay doctrine (see People v Leon, 209 AD2d 342, 343 [1994], lv denied 84 NY2d 1034 [1995]; compare People v McDaniel, 81 NY2d 10, 17 [1993]).
Defendant's remaining contentions have been rendered academic by our determination herein.
Garry, P.J., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Significantly, intent is not an element of either of the underlying charges (see Penal Law §§ 130.50 [3]; 260.10 [1]).

Footnote 2: In so determining, County Court incorrectly concluded that "the probative value [of the evidence] is heightened where, as here, the prosecution's case is limited primarily to the testimony of the child-victim."