People v Frey (2019 NY Slip Op 09150)





People v Frey


2019 NY Slip Op 09150


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1097 KA 18-00305

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON FREY, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 8, 2017. The judgment convicted defendant, after a nonjury trial, of assault in the second degree and endangering the welfare of a child (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of assault in the second degree (Penal Law § 120.05 [9]) and five counts of endangering the welfare of a child (§ 260.10 [1]), defendant contends that the conviction of assault is not supported by legally sufficient evidence that the five-year-old victim sustained a physical injury within the meaning of Penal Law § 10.00 (9). We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), including the young age of the victim (see People v Lashway, 112 AD3d 1222, 1225 [3d Dept 2013]; see also Matter of Boua TT. v Quamy UU., 66 AD3d 1165, 1166 [3d Dept 2009], lv denied 14 NY3d 702 [2010]) and photographs of the resulting injuries, we conclude that the evidence is legally sufficient to establish that the victim suffered substantial pain as a result of what the victim's mother testified was a "full-force slap" by defendant to the victim's face (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Williamson, 21 AD3d 575, 575-576 [3d Dept 2005], lv denied 6 NY3d 761 [2005]; see also People v Smith, 45 AD3d 1483, 1483 [4th Dept 2007], lv denied 10 NY3d 771 [2008]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). County Court, sitting as the trier of fact, could have reasonably concluded that defendant's striking of the victim with an open hand in such a forceful manner was not a mere " petty slap[]' " (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that it caused "more than slight or trivial pain" (Chiddick, 8 NY3d at 447).
Furthermore, viewing the evidence in light of the elements of the crime of assault in the second degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (see Bleakley, 69 NY2d at 495). Contrary to defendant's contention, the testimony of the victim's mother that the victim "constantly complained about pain" after the incident and that she gave him over-the-counter pain medication "for quite a few weeks" because "[h]e would cry that his face hurt" was not incredible as a matter of law, i.e., "it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Harris, 56 AD3d 1267, 1268 [4th Dept 2008], lv denied 11 NY3d 925 [2009]; see People v Johnson, 153 AD3d 1606, 1607 [4th Dept 2017], lv denied 30 NY3d 1020 [2017]).
Finally, we conclude that any error in the court's refusal to suppress defendant's statements is harmless beyond a reasonable doubt (see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court