People v Young (2021 NY Slip Op 03749)





People v Young


2021 NY Slip Op 03749


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


579 KA 17-00894

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KWAME J. YOUNG, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (PAUL A. MEABON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 16, 2017. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree and aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), defendant contends that County Court erred in denying defense counsel's challenge for cause to a prospective juror. Defendant correctly concedes that the denial, even if error, would not require reversal because defense counsel exercised a peremptory challenge to excuse that prospective juror and did not thereafter exhaust defendant's peremptory challenges (see CPL 270.20 [2]) and, contrary to defendant's contention, "defense counsel's failure to exhaust all of the available peremptory challenges does not constitute ineffective assistance of counsel" (People v Printup , 278 AD2d 834, 835 [4th Dept 2000], lv denied 96 NY2d 786 [2001]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court