People v Myles (2024 NY Slip Op 05719)

People v Myles

2024 NY Slip Op 05719

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

760 KA 23-00881

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRUCE S. MYLES, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered May 4, 2023. The judgment convicted defendant upon a jury verdict of murder in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), burglary in the first degree (§ 140.30 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and tampering with physical evidence (§ 215.40 [2]). Defendant's conviction stems from his conduct in entering the home of his former paramour (female victim) in the middle of the night and shooting both her and a male victim multiple times, killing them.
Defendant contends that County Court failed to make a sufficient inquiry into the People's readiness pursuant to CPL 30.30 (5). That contention is not preserved for our review (see People v Everson, 229 AD3d 1349, 1349 [4th Dept 2024]; see generally People v Hardy, 47 NY2d 500, 505 [1979]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention that the conviction is not supported by legally sufficient evidence that he was present at the scene and committed the offenses is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Desmond, 224 AD3d 1303, 1304 [4th Dept 2024], lv denied 41 NY3d 964 [2024] [internal quotation marks omitted]; see People v Danielson, 9 NY3d 342, 349-350 [2007]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude that, contrary to defendant's contention, the court did not abuse its discretion in determining that the female victim's son had the capacity to give sworn testimony (see People v Brown, 89 AD3d 1473, 1474 [4th Dept 2011], lv denied 18 NY3d 955 [2012]; People v Thompson, 59 AD3d 1115, 1117 [4th Dept 2009], lv denied 12 NY3d 860 [2009]).
Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to preserve a speedy trial claim, failure to preserve an appellate record during jury selection, and communication issues with defendant. We reject that contention. First, inasmuch as defendant was charged with murder in the first degree, any motion to dismiss on statutory speedy trial grounds would not have been successful (see CPL 30.30 [3] [a]; People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Second, although the [*2]appellate record for the jury selection does not consistently identify the jurors by either seat number or surname, defendant does not identify any substantive issue arising from the jury selection. We note that defendant did not exhaust his peremptory challenges in accordance with CPL 270.20 (2), and thus any challenge to the court's denial of defense counsel's challenges for cause would not have led to a reversal (see People v Young, 195 AD3d 1455, 1455 [4th Dept 2021], lv denied 37 NY3d 975 [2021]). Third, to the extent that defendant's contention regarding communication issues with defendant is based on matters outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claims (see generally People v Sims, 41 NY3d 995, 996 [2024]; People v Rojas-Aponte, 224 AD3d 1264, 1265 [4th Dept 2024]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude on the record before us that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant next contends that he was denied a fair trial by two instances of alleged prosecutorial misconduct. Defendant's challenge to the prosecutor's remarks regarding the victim's son during opening statements is not preserved for our review (see CPL 470.05 [2]; People v Freeman, 46 AD3d 1375, 1376 [4th Dept 2007], lv denied 10 NY3d 840 [2008]). With respect to the challenge to the prosecutor's use of a PowerPoint presentation to merge two admitted trial exhibits depicting photographs of the male victim and the suspect, we agree with defendant that the prosecutor effectively created a new exhibit, which was improper. We conclude, however, that the prosecutor's improper use of the exhibit did not deprive defendant of a fair trial (see People v King, 224 AD3d 1313, 1314 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; see generally People v Williams, 29 NY3d 84, 89 [2017]; People v Logan, 178 AD3d 1386, 1388-1389 [4th Dept 2019], lv denied 35 NY3d 1028 [2020]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court