■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PONEL KITTLES, Appellant. [803 NYS2d 771]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered July 12, 1996, upon a verdict convicting defendant of the crime of rape in the second degree.

Defendant was charged with rape in the second degree based on the allegation that, in April 1995, he engaged in sexual intercourse with a 13-year-old girl. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to 2½ to 5 years in prison.

Initially, defendant contends that the conviction was not supported by legally sufficient evidence establishing that he was 18 years old or more at the time of the incident, an element of rape in the second degree (*see* Penal Law former § 130.30). In determining this issue, we view the evidence in the light most favorable to the prosecution and will not set aside a verdict if "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see* CPL 70.10 [1]; *People v Williams*, 84 NY2d 925, 926 [1994]). Here, the victim testified that she had known defendant for approximately five years and knew that he was over the age of 18. That testimony, coupled with the

jury's observation of defendant, provided a legally sufficient basis for the jury to find that defendant was at least 18 years old at the time of the offense (*see People v Patterson*, 149 AD2d 966, 966 [1989], *lv denied* 74 NY2d 745 [1989]; *cf. People v Saddlemire*, 121 AD2d 791, 793 [1986], *lv denied* 68 NY2d 917 [1986]).

Defendant further contends that the verdict was against the weight of the evidence because there was no physical evidence of injury to corroborate the victim's claim that he forcibly raped her. However, proof of forcible compulsion was not required to establish rape in this case since the victim's incapacity to consent was based on her age (*see* Penal Law former § 130.30; *People v Alford*, 287 AD2d 884, 886 [2001], *lv denied* 97 NY2d 750 [2002]). In any event, the victim testified that, on the night in question, defendant penetrated her vagina with his penis despite her protestations. Viewing this evidence in a neutral light, and affording due deference to the credibility determinations made by the jury, we cannot say that the verdict was against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v Bush*, 14 AD3d 804, 804-805 [2005], *lv denied* 4 NY3d 852 [2005]; *People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]).

Finally, contrary to defendant's contention, the testimony offered by the victim's mother, her uncle and her cousin did not exceed the limits of the prompt outcry exception to the prohibition against bolstering (*see People v McDaniel*, 81 NY2d 10, 16-17 [1993]; *People v Salazar*, 234 AD2d 322, 322-323 [1996], *lv denied* 89 NY2d 946 [1997]). The record shows that each witness permissibly testified that, on the night of the incident, the victim told them that she had been raped by defendant. No further details of the incident were elicited by the prosecution and County Court gave an appropriate limiting instruction following each witness's testimony.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.