Mercure, J.E
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 13, 2007, upon a verdict convicting defendant of two counts of the crime of rape in the second degree.
*1052 Defendant was charged in an indictment with two counts of rape in the second degree after she allegedly engaged in sexual intercourse with the victim (born in 1992) on two separate occasions in 2006. Following a jury trial, defendant was found guilty as charged. County Court thereafter denied defendant’s motion to set aside the verdict and sentenced her, as a second child sexual assault felony offender, to seven years of imprisonment, to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.
Initially, we reject defendant’s argument that the verdict was against the weight of the evidence. In conducting a weight of the evidence review, we must first determine whether “a different finding would not have been unreasonable” and, if not, “then [we] must, like the trier of fact below, ‘weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ ” (People v Bleakley, 69 NY2d 490, 495 [1987] [citation omitted]; see People v Romero, 7 NY3d 633, 643-644 [2006]). Moreover, weight of the evidence review is not limited to a determination of credibility issues; rather, such review is also element-based (see People v Johnson, 10 NY3d 875, 878 [2008]; People v Danielson, 9 NY3d 342, 346, 349-350 [2007]). That is, we “must consider the elements of the crime, for even if the prosecution’s witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt” (People v Danielson, 9 NY3d at 349).
As County Court charged the jury, “[a] person is guilty of rape in the second degree when . . . being [18] years old or more, he or she engages in sexual intercourse with another person less'than [15] years old” (Penal Law § 130.30 [1]). Here, the victim testified that defendant had sexual intercourse with him at her apartment in June 2006, and then again in July 2006. The victim indicated that on the first instance, defendant was wearing a skirt and T-shirt, and he had his pants pulled down to his knees; on the second occasion, defendant and the victim were both naked. The victim stated that he was embarrassed to tell anyone about the incidents, and that he first told police that he had not had sexual intercourse with defendant and later admitted to having sex with defendant only one time while she was wearing a dress.
Defendant’s friend, Lorena Zindle, testified that while she reported to police that she had witnessed defendant engaging in sexual intercourse with the victim on one occasion, she had actually witnessed two incidents. Zindle’s description of the incidents was consistent with the victim’s testimony in all sig *1053 nificant respects, and she explained the contradiction with her prior statement to police by stating that she remembered the second occasion only after the police interviewed her, but was not sure what to do with that information. Viewing the evidence in a neutral light and according deference to the jury’s “opportunity to view the witnesses, hear the testimony and observe demeanor” (People v Bleakley, 69 NY2d at 495), we conclude that the verdict is not against the weight of the evidence (see People v Pomoles, 49 AD3d 962, 963 [2008], lv denied 10 NY3d 938 [2008]; People v Kittles, 23 AD3d 775, 776 [2005], lvs denied 6 NY3d 755 [2005], 7 NY3d 791[2006]; People v Cobenais, 301 AD2d 958, 958-961 [2003], lv denied 99 NY2d 653 [2003]).
We are similarly unpersuaded by defendant’s argument that County Court abused its discretion in denying her CPL 330.30 motion to set aside the verdict based upon newly discovered evidence, i.e., a letter and affidavit from defendant’s boyfriend, David Bidwell, recanting his prior statements to police alleging sexual contact between defendant and the victim. Bidwell also stated that he had instructed Zindle to testify falsely against defendant. Inasmuch as the newly discovered evidence tends only to impeach Zindle’s testimony, it cannot be said that County Court abused its discretion in denying defendant’s motion (see People v McBean, 32 AD3d 549, 552 [2006], lv denied 7 NY3d 927 [2006]; People v Bowers, 4 AD3d 558, 560 [2004], lv denied 2 NY3d 796 [2004]; People v Hayes, 295 AD2d 751, 752 [2002], lv denied 98 NY2d 730 [2002]).
We have considered defendant’s remaining contentions and conclude that they are lacking in merit.
Spain, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.