■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. BODAH, Appellant. [889 NYS2d 117]—

Garry, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 18, 2007, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered May 12, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

In April 2007, defendant pleaded guilty to second degree murder for having intentionally caused the death of his estranged wife. He waived his right to appeal. In accord with the terms of his plea agreement, he was sentenced to a prison term of 20 years to life. County Court issued orders of protection against him in favor of the victim's two children.

Defendant subsequently moved to vacate the judgment, claiming that he received ineffective assistance from both the attorney who represented him at the time of his plea and another attorney who represented him at sentencing. County Court denied the motion after a hearing at which defendant and both attorneys testified. Defendant now appeals as of right from the judgment of conviction and by leave from the denial of his application for postconviction relief. He contends that neither his

plea nor his waiver of the right to appeal were knowing and voluntary because his plea counsel allegedly provided ineffective assistance by misinforming him of the sentences he might face under various potential dispositions of his case. He further contends that neither counsel during plea negotiations or prior to sentencing provided County Court or the prosecution with a psychological evaluation report that concluded that he was suffering from extreme emotional disturbance when he killed his wife.*

Initially, contrary to defendant's claim, his waiver of the right to appeal was valid and enforceable because the plea colloquy and the written waiver demonstrate that he "knowingly, intelligently and voluntarily waived his right to appeal" (*People v Ramos*, 7 NY3d 737, 738 [2006]; *see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Meacham*, 63 AD3d 1371, 1371 [2009]). Despite the valid waiver, his ineffective assistance claims are reviewable because the errors of counsel allegedly affected the voluntariness of defendant's plea (*see People v Gilmour*, 61 AD3d 1122, 1124 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Hall*, 16 AD3d 848, 849 [2005], *lv denied* 4 NY3d 887 [2005]). However, as they are based on facts outside the record, these claims are incapable of review on direct appeal from the judgment and may be reviewed only in the context of County Court's denial of defendant's postconviction application (*see People v Borom*, 55 AD3d 1041, 1042 [2008]; *People v Corbett*, 52 AD3d 1023, 1024 [2008]).

At the hearing on defendant's postconviction motion, his counsel testified that he accurately informed defendant of the potential sentences he might receive if convicted of first degree manslaughter or second degree murder. Counsel also testified that he discussed the potential affirmative defense of extreme emotional disturbance with defendant, but that defendant nonetheless elected to plead guilty to the murder charge. To the extent that defendant's testimony contradicted that of his counsel, it created a credibility issue for County Court to resolve (*see People v Serna*, 186 AD2d 836, 837 [1992]). Such credibility assessments are "entitled to great deference on appeal" (*People v Britton*, 49 AD3d 893, 894 [2008], *lv denied* 10 NY3d 956 [2008]), and we find that the court's determination is well supported by the analysis of the conflicting testimony set forth in the decision. As the court further found, the record of defendant's plea shows that he unequivocally accepted responsibility for his actions, acknowledged that he had discussed the plea

---

* Defendant's brief also included challenges to the validity of the orders of protection, but those claims were withdrawn at the time of oral argument.

with counsel and understood its consequences, and stated that he was entering his plea voluntarily.

Finally, defendant did not show that the failure of counsel to provide the psychological evaluation report constituted ineffective assistance. When defendant entered his plea, County Court had already committed to the sentence it later imposed, and it is clear from the plea minutes that the court did not have the report at that time. Significantly, defendant testified at the posttrial hearing that he understood that the reason his counsel referred to the report during the plea proceeding was not to mitigate or otherwise affect the already bargained-for sentence, but to place the report on the record so as to allow for its use in therapy during his incarceration, and he confirmed that he had given a copy of the report to his prison therapist. Thus, we find that the court did not abuse its discretion in concluding that defendant's plea was knowingly and voluntarily entered.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the judgment and order are affirmed.