*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 18, 2015                    105538
                                                         106435
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

DARREN T. VanDEUSEN,
                        Appellant.
_____


Calendar Date:   April 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Mark A. Myers, Albany, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

                        _____


Devine, J.

        Appeals (1) from a judgment of the County Court of Otsego
County (Lambert, J.), rendered January 7, 2013, upon a verdict
convicting defendant of the crime of criminal sexual act in the
first degree, and (2) by permission, from an order of said court,
entered January 21, 2014, which denied defendant's motion
pursuant to CPL 440.10 to vacate the judgment of conviction,
after a hearing.

        Defendant was charged in an indictment with criminal sexual
act in the first degree as the result of allegations that he
anally violated a 10-year-old child.  He was found guilty as
charged after a jury trial, and was sentenced by County Court to
a prison term of 20 years to be followed by postrelease

supervision of 15 years.  Defendant then sought to vacate the judgment of conviction pursuant to CPL article 440 and, following a hearing, that motion was denied.  Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.

We affirm.  Defendant first contends that the verdict was against the weight of the evidence.  The record reveals that defendant dated the victim's sister, and the victim and her mother testified that the incident occurred when defendant was staying overnight at their residence in December 2011.  Defendant had established a friendly relationship with the victim and, at 1:00 a.m. that morning, he woke her and told her to go to the bathroom.  The two walked together and, upon entering the bathroom, defendant locked the door behind them.  He then ordered the victim to pull down her pants, told her what he intended to do and warned her that "if you tell, I'll go to jail and you'll go to" a group home.  According to the victim, defendant then engaged in anal sex with her.

The victim did not immediately report the incident out of fear, but told her mother about it the next afternoon.  She was immediately taken to the hospital, where medical professionals examined her and collected a rape kit.  The pediatrician who conducted the examination testified that he observed injuries in and around the victim's anus that were consistent with an assault.  The rape kit was also submitted for DNA analysis, and the forensic scientist who conducted that analysis detected male DNA on the anal swabs in the kit.  She was unable to make a specific match to any individual because of the paucity of genetic material.  She accordingly conducted Y-STR DNA testing, which isolates the exclusively male Y chromosome and identifies the paternal line from which that chromosome originated.  The test results indicated that defendant could not be excluded as the source of the DNA, and the forensic scientist testified that the same could only be said for 1 out of every 2,857 males.  In our view, an acquittal would not have been unreasonable because of serious questions regarding the credibility of the victim and the absence of more conclusive physical evidence tying defendant to the crime.  Defendant fully explored those issues at trial,

however, and the jury credited the proof that he had sexually assaulted the victim. Thus, according deference to the jury's credibility determinations, we cannot say that the jury's verdict was against the weight of the evidence (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Shofkom, 63 AD3d 1286, 1287 [2009], lv denied 13 NY3d 799 [2009], appeal dismissed 13 NY3d 933 [2010]; People v Boyce, 2 AD3d 984, 985-986 [2003], lv denied 2 NY3d 796 [2004]).

    With regard to both his direct appeal and appeal from his CPL article 440 motion, defendant argues that he received the ineffective assistance of counsel due to the failure of defense counsel to investigate an alibi defense and adequately combat the DNA evidence submitted at trial. Defense counsel testified at the hearing on defendant's postconviction motion, stating that defendant never definitively claimed to be elsewhere at the time of the incident and did not provide any information to demonstrate that such was the case. Defense counsel further denied having been contacted by a friend of defendant who claimed to have been with him on the night of the incident and, in any event, questioned the strategic value of an alibi defense given that defendant told investigators that he had been on the scene.[1] Defense counsel also retained an expert to review the Y-STR DNA test results – which were reached through what the trial testimony indicated was a scientifically accepted and reliable method – and vigorously cross-examined the forensic scientist who conducted the test. County Court credited the testimony of defense counsel over conflicting proof, an assessment that is "entitled to great deference on appeal," and we find that its decision to do so is supported by the record (People v Britton, 49 AD3d 893, 894 [2008], lv denied 10 NY3d 956 [2008]; accord People v Bodah, 67 AD3d 1195, 1196 [2009], lv denied 14 NY3d 838 [2010]). We have examined defendant's remaining arguments regarding ineffective assistance and, suffice it to say, find

_____

    [1] Defendant now suggests that he did not make such an admission to investigators, but notably failed to submit his recorded statement into evidence or otherwise address the issue at the hearing on the CPL article 440 motion.

that the record as a whole establishes that he received meaningful representation (see People v Avery, 80 AD3d 982, 987 [2011], lv denied 17 NY3d 791 [2011]).

Defendant lastly contends that the sentence was harsh and excessive but, given the nature of the crime for which he was convicted, his lack of remorse and the opinion of the author of the presentencing report that a lengthy sentence was in order, we are unpersuaded (see People v Smith, 272 AD2d 713, 716 [2000], lv denied 95 NY2d 871 [2000]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court