*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    104535
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RICHARD R. MONROE JR.,
                        Appellant.
_____


Calendar Date:   October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                        _____


        Justin C. Brusgul, Voorheesville, for appellant.

        Kristy L. Sprague, District Attorney, Elizabethtown (James
E. Martineau of counsel), for respondent.

                        _____


Clark, J.

        Appeal from a judgment of the County Court of Essex County
(Meyer, J.), rendered September 16, 2010, upon a verdict
convicting defendant of the crime of course of sexual conduct
against a child in the first degree.

        Following a jury trial, defendant was found guilty of one
count of course of sexual conduct against a child in the first
degree for repeatedly subjecting a child to sexual conduct
between July 1, 2007 and October 31, 2008, when she was ages 10
and 11 and he was in his 50s.  Investigation into the abuse began
in July 2008 after a married couple witnessed defendant — the
boyfriend of the child's mother — inappropriately touching and
kissing the child in public on multiple occasions and notified
the local police department.  After the child provided police and

child protective services with a written statement describing defendant's abuse, defendant was arrested and indicted. At trial, the child, who was 13 years old at that time, testified under oath that defendant first forced her to touch his penis with her hand in July 2007. Among other things, the child also testified that, while she was in defendant's bedroom around September 2008, he removed her pants and her underwear and put his tongue on her vagina. County Court sentenced defendant to a 25-year prison term, followed by 20 years of postrelease supervision, and a $30,000 fine. Defendant now appeals.

The crime of course of sexual conduct against a child in the first degree required the People to prove that, over a period of time not less than three months in duration, defendant, being over age 18, "engage[d] in two or more acts of sexual conduct, which include at least one act of . . . oral sexual conduct . . . with a child less than thirteen years old" (Penal Law § 130.75 [1] [b]). Defendant challenges the legal sufficiency and weight of the evidence, arguing only that the evidence does not support a finding that the September 2008 incident constituted oral sexual conduct. We are unpersuaded by either argument.

Viewing the evidence in the light most favorable to the People, legally sufficient evidence was adduced to establish that defendant perpetrated the charged sexual conduct over a period of three months or more (see People v Danielson, 9 NY3d 342, 349, [2007]). The child's testimony established that defendant engaged in two or more acts of sexual conduct, which included a number of acts of sexual contact and at least one act of oral sexual conduct (see Penal Law § 130.00 [2] [a]; [3]). Specifically, while acknowledging that her lexicon included another term for the word vagina, the child provided detailed testimony regarding the September 2008 incident in which she explicitly stated that defendant put his tongue on her vagina. On cross-examination, the child further explained that defendant's tongue touched her about an inch away from "where [her] urine comes out." Contrary to defendant's contentions, the foregoing was sufficient to establish that at least one act of oral sexual conduct occurred (see People v Sorrell, 108 AD3d 787, 788-789 [2013], lv denied 23 NY3d 1025 [2014]; People v Lupo, 92 AD3d 1136, 1137 [2012]).

Likewise, while an acquittal "would not have been unreasonable . . . the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d at 348). Focusing largely on what he deems to be inconsistencies in the child's statements regarding the details of sexual conduct, as well as the child's failure to disclose the oral sexual conduct during her initial interviews with the police and a child protective services caseworker, defendant characterizes the child's testimony as lacking in credibility. However, the mere fact that a young child may be uncertain or inconsistent in his or her disclosures or testimony will not justify reversing a guilty verdict as against the weight of the evidence (see People v Beauharnois, 64 AD3d 996, 998-999 [2009], lv denied 13 NY3d 834 [2009]; People v Weber, 25 AD3d 919, 921 [2006], lv denied 6 NY3d 839 [2006]; People v Raymo, 19 AD3d 727, 728 [2005], lv denied 5 NY3d 793 [2005]). Furthermore, the child testified that she did not immediately disclose the full extent of defendant's sexual abuse because she was both scared of hurting her mother and of getting in trouble and she was uncomfortable talking about the abuse to the police investigator. Thus, deferring to the jury's determination that the child was credible and viewing the evidence in a neutral light, defendant's conviction is not against the weight of the evidence (see People v Wyre, 97 AD3d 976, 978 [2012], lv denied 19 NY3d 1030 [2012]; People v Reynolds, 81 AD3d 1166, 1166-1167 [2011], lv denied 16 NY3d 898 [2011]).

Finally, under the circumstances presented herein, we are unpersuaded by defendant's claim that the sentence imposed by County Court — the maximum allowable per statute — was harsh or excessive (see People v Beauharnois, 64 AD3d at 1001), and, therefore, decline to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [3]). As noted by County Court, defendant had a lengthy history of sexual incidents involving young children and showed no remorse for his conduct (see People v Nowinski, 36 AD3d 1082, 1084 [2007], lv denied 8 NY3d 989 [2007]). However, as the People concede, the fine imposed must be reduced as it exceeded the $5,000 statutory maximum allowable for defendant's conviction (see Penal Law § 80.00 [1] [a]).

Peters, P.J., Garry and Rose, JJ., concur.


ORDERED that the judgment is modified, on the law, by reducing the fine imposed to $5,000 and, as so modified, affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court