*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                106933
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

          v                                 MEMORANDUM AND ORDER

TIMOTHY BECKINGHAM,
                    Appellant.
_____


Calendar Date:   October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                        _____


        Andrea G. Hirsch, New York City, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal, by permission, from an order of the County Court of
Otsego County (Burns, J.), entered July 14, 2014, which denied
defendant's motion pursuant to CPL 440.10 to vacate the judgment
convicting him of the crime of manslaughter in the first degree,
after a hearing.

        Following a jury trial, defendant was convicted of
manslaughter in the first degree in connection with the death of
his wife.  Upon his direct appeal, we affirmed (57 AD3d 1098
[2008], lv denied 13 NY3d 742 [2009]).  He thereafter moved
pursuant to CPL 440.10 to vacate the judgment of conviction on
the basis that, among other things, a juror was subjected to
improper outside influence.  Defendant specifically claimed that,
while his trial was ongoing, Eric Ashley, a sheriff's deputy

assigned to the courthouse, made improper comments concerning defendant's guilt to a juror, who was Ashley's mother-in-law. County Court summarily denied the motion as well as defendant's subsequent motion to renew. This Court reversed, finding that defendant submitted sufficient evidence to warrant a hearing on the jury tampering issue (116 AD3d 1298 [2014]). After a hearing, County Court again denied defendant's motion and, with our permission, defendant appeals.

Defendant initially claims that the relationship between Ashley and the juror rendered such juror disqualified from serving. Even if defendant had preserved this argument by raising it in his postconviction motion (see People v Nusbaum, 222 AD2d 723, 724 [1995], lv denied 87 NY2d 1023 [1996]), the record reveals that the juror specifically disclosed this relationship to County Court during voir dire. Inasmuch as this claim is based upon facts contained in the record and could have been, but was not, raised on defendant's direct appeal from his judgment of conviction, it is not the proper subject of a CPL 440.10 motion (see CPL 440.10 [2] [c]; People v Bruno, 97 AD3d 986, 986-987 [2012], lv denied 20 NY3d 931 [2012]; People v Stevens, 95 AD3d 1451, 1452 [2012], lv denied 19 NY3d 1029 [2012]).

At the hearing on defendant's claim of improper outside influence, Ashley's two adult daughters each testified that, at a family dinner on some unspecified date and in the presence of the juror, Ashley stated his belief that defendant was guilty. According to the older daughter, Ashley then urged the juror to tell the other members of the family who were present that defendant was guilty, in response to which the juror stated, "I can't be hearing this right now." The juror, on the other hand, consistently affirmed in response to repeated questioning that she did not discuss defendant's case with anyone during the week-long trial,[1] nor did she hear anyone discuss the case in her presence. Noting her obligations as a juror not to discuss the

---

[1] County Court took judicial notice of the fact that jury selection in defendant's trial began on Monday, March 6, 2006 and a verdict was rendered on Friday, March 10, 2006.

case with anyone, the juror stated that she made it a point not to see Ashley during the trial and that, other than providing him with a ride home one evening,[2] she had no contact with him during that time. According to the juror, outside influences played no part in her decision-making process, and her verdict was predicated solely upon the evidence presented at trial. The conflicting testimony presented an issue of credibility for County Court to resolve, which assessment is "entitled to great deference on appeal" (People v Bodah, 67 AD3d 1195, 1196 [2009], lv denied 14 NY3d 838 [2010] [internal quotation marks and citation omitted]; accord People v VanDeusen, 129 AD3d 1325, 1327 [2015], lv denied 26 NY3d 972 [2015]). As the court's decision to credit the juror's testimony is amply supported by the record, we decline to disturb it (see People v Bodah, 67 AD3d at 1196).

Finally, defendant's actual innocence claim, which we previously rejected (116 AD3d at 1299), is not properly before us on this appeal (see CPL 470.50; 22 NYCRR 800.14; see generally Matter of Hoffler v Jacon, 72 AD3d 1183, 1186 n 4 [2010], appeal dismissed 15 NY3d 768 [2010], lv denied 15 NY3d 872 [2010]).

Garry, Rose and Clark, JJ., concur.

---

[2] The juror's act of driving Ashley home from the courthouse, without more, is not misconduct so inherently prejudicial as to require reversal (see People v White, 79 AD3d 1460, 1463-1464 [2010], lv denied 17 NY3d 803 [2011]; People v Turner, 210 AD2d 445, 445-446 [1994], lv denied 85 NY3d 915 [1995]; see also State v Le Grand, 442 NW2d 614, 615-616 [Ct App Iowa 1989]; People v Butler, 714 So 2d 877, 893-894 [Ct App La 1998]; compare Turner v Louisiana, 379 US 466 [1965]).

ORDERED that the order is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court