### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: July 21, 2016          105502
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                 Respondent,

      v                          MEMORANDUM AND ORDER

RICHARD W. THORNTON,
                 Appellant.
_____

Calendar Date: May 25, 2016

Before: Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

Albert F. Lawrence, Greenfield Center, for appellant.

Alexander Lesyk, Special Prosecutor, Norwood, for respondent.

_____

Devine, J.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 29, 2012, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child, course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts).

Defendant was charged in an indictment with several offenses arising from the alleged sexual abuse of two underage girls over prolonged periods of time, specifically, victim A (born in 1996) from 2002 to 2009 and victim B (born in 1998) from 2008 to 2010. Following a jury trial, defendant was convicted of course of sexual conduct against a child in the second degree and endangering the welfare of a child with regard to victim A. The

jury further found him guilty of predatory sexual assault against a child and endangering the welfare of a child with regard to victim B. County Court imposed concurrent sentences, resulting in an aggregate prison sentence of 14 years to life, in addition to 10 years of postrelease supervision should defendant be released (see Penal Law § 70.45 [5]). Defendant now appeals.

We affirm. Defendant initially contends, as he did in his trial motion to dismiss, that the verdict convicting him of the two felony charges was not supported by legally sufficient evidence given the lack of proof as to when the abuse occurred.[1] In that regard, defendant and the victims resided together throughout the period of the abuse. The trial testimony established where they resided and, as is relevant here, they lived in a brown house from 2005 to 2008 and, after several weeks in campers, moved into a newly built home in 2008. Victim A testified that, during a swimming outing in 2002 when she was six years old, defendant placed her on his knee and inserted his finger into her vagina. She promptly disclosed that incident to relatives, a point confirmed by one of those relatives (see People v Rosario, 17 NY3d 501, 511-513 [2011]; People v Fournier, 137 AD3d 1318, 1320 [2016]). The abuse resumed when victim A was 11 years old and living in the brown house, limiting the period to 2007 or early 2008, when defendant entered her bedroom and inserted his finger into her vagina. Victim A then detailed two additional incidents, a summer 2008 incident when defendant engaged in the same conduct in the camper and another where he attempted to molest her in the newly built residence. When viewed in the light most favorable to the People, this

---

[1] Defendant argued at trial that, while the victims' ages were established at trial, the requisite proof as to his age was lacking (see Penal Law §§ 130.75 [1] [b]; 130.80 [1] [b]; 130.96). Inasmuch as the jury was aware that defendant had fathered a child before the offenses, was married in 2004 and had the opportunity to observe defendant at trial, there was indeed "a legally sufficient basis for the jury to find that defendant was at least 18 years old at the time of the offense[s]" (People v Kittles, 23 AD3d 775, 775-776 [2005], lv denied 6 NY3d 755 [2005]).

testimony constituted legally sufficient proof for a rational juror to find that, "over a period of time not less than three months in duration . . . [defendant], being [18] years old or more, engage[d] in two or more acts of sexual conduct with a child less than [13] years old" so as to support a conviction on the charge of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]; see Penal Law § 130.00 [3], [10]; see e.g. People v Santiago, 118 AD3d 1163, 1164-1165 [2014], lv denied 24 NY3d 964 [2014]).

As for victim B, she testified that, while in the brown house, defendant began fondling her breasts, buttocks and vagina over her clothing, he progressed to fondling under her clothing, and that such abuse was a regular occurrence. She further testified that defendant began having anal sex with her not long after moving into the newly built residence in 2008 — a point inferable from her recollection that it first occurred there when she was nine or 10 years old — and that they had anal sex every week or so until shortly before she disclosed the abuse to family members in 2010. She additionally testified to at least one incident where defendant subjected her to vaginal sex. A rational juror could readily find from this proof that defendant, "over a period of time not less than three months in duration . . . [and] being [18] years old or more, engage[d] in two or more acts of sexual conduct, which include at least one act of sexual intercourse . . . [or] anal sexual conduct . . . with a child less than [13] years old" (Penal Law § 130.75 [1] [b]; see Penal Law § 130.00 [1], [2] [b]; [10]). Legally sufficient proof therefore existed to find defendant guilty of predatory sexual assault against a child (see Penal Law § 130.96; People v Sorrell, 108 AD3d 787, 788-789 [2013], lv denied 23 NY3d 1025 [2014]; People v Lupo, 92 AD3d 1136, 1137 [2012]).

Defendant further asserts that the verdict was against the weight of the evidence. "[W]hile an acquittal 'would not have been unreasonable[,] . . . the jury was justified in finding [him] guilty beyond a reasonable doubt'" (People v Monroe, 134 AD3d 1138, 1140 [2015], quoting People v Danielson, 9 NY3d 342, 348 [2007]). There were inconsistencies between the young victims' pretrial accounts of their ordeal and their trial testimony, but those inconsistencies were fully explored during

the cross-examination of the victims and do "not justify reversing a guilty verdict as against the weight of the evidence" (People v Monroe, 134 AD3d at 1140; see People v Fournier, 137 AD3d at 1320). A nurse who was trained to conduct sexual assault examinations testified that she performed examinations of both victims and the findings of those examinations were more likely than not to have been caused by sexual abuse. A physician called by defendant disagreed with the nurse, but the People subjected him to a blistering cross-examination that left his credibility in serious question. The jury chose to credit the testimony of the victims and other corroborating proof and, after according deference to that determination and weighing the conflicting proof ourselves, we cannot say that the ensuing verdict was against the weight of the evidence (see People v Fournier, 137 AD3d at 1320; People v Monroe, 134 AD3d at 1140).

Defendant next contends that the People failed in their Brady obligation to turn over information regarding the investigation of the 2002 incident of abuse reported by victim A. The record reflects that victim A's relatives reported that allegation to child protective officials, who did investigate the report of abuse and deemed it to be "unfounded." The report was accordingly sealed and, while a copy could thereafter be obtained as part of a law enforcement investigation into whether an intentionally false claim of abuse had been made, there is nothing to suggest that such an investigation occurred or that the People otherwise came into possession of the report (see Social Services Law § 422 [5] [a] [v]; [14]). Defendant was capable of obtaining the information in the unfounded report on his own (see Social Services Law § 422 [5] [a] [iv]; [7]) and, inasmuch as the People cannot be faulted for failing to turn over material outside of their "custody, possession, or control," there was no Brady violation (People v Garrett, 23 NY3d 878, 886 [2014]; see People v Terry, 19 AD3d 1039, 1039-1040 [2005], lv denied 5 NY3d 833 [2005]).

Defendant lastly asserts that his aggregate sentence was harsh and excessive. Predatory sexual assault against a child is a class A-II felony sex offense for which the minimum indeterminate sentence is 10 years to life in prison (see Penal Law §§ 70.00 [2] [a]; [3] [a] [ii]; 70.80 [3]; 130.96). The

imposed sentence of 14 years to life in prison on that conviction was only modestly above the statutory minimum and, considering the acts for which defendant was convicted, we perceive no abuse of discretion or extraordinary circumstances that would warrant its reduction.

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court