■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH E. PLANTY, Appellant. [64 NYS3d 364]—

Garry, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 8, 2016, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and criminal sexual act in the first degree.

Defendant was charged with two counts of sexual abuse in the first degree and one count of criminal sexual act in the first degree after he engaged in sexual conduct with a 12-year-old victim. County Court denied defendant's motion to suppress his statements to a police investigator. Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 15 years followed by 15 years of postrelease supervision. Defendant appeals.

We find no merit in defendant's contention that his convictions on all three counts were not supported by legally sufficient evidence and were against the weight of the evidence because the People failed to prove his age, an element of the crimes. The victim's mother testified that she had known defendant for many years, that defendant was older than she

was, and that she was 40 years old at the time of the trial. This testimony, together with the jury's opportunity to observe defendant in person, "provided a legally sufficient basis for the jury to find that defendant was at least 18 years old" for purposes of his conviction for criminal sexual act in the first degree and over the age of 21 for purposes of his convictions for sexual abuse in the first degree (*People v Kittles*, 23 AD3d 775, 776 [2005], *lv denied* 6 NY3d 755 [2005]; *see* Penal Law §§ 130.50 [4]; 130.65 [4]; *People v Thornton*, 141 AD3d 936, 937 n [2016], *lv denied* 28 NY3d 1151 [2017]). Deferring to the jury's credibility assessments, we cannot say that the verdict was against the weight of the evidence (*see People v Stone*, 133 AD3d 982, 982-983 [2015]).

Defendant next challenges the legal sufficiency and weight of the evidence supporting the finding that he engaged in oral sexual conduct with the victim (*see* Penal Law § 130.50 [4]). This contention is unpreserved, as it was not specifically raised in defendant's trial motion to dismiss (*see People v Novak*, 148 AD3d 1352, 1353 [2017], *lv denied* 29 NY3d 1084 [2017]). However, "in conducting our weight of the evidence review, we necessarily consider whether all of the elements of the charged crimes were proven beyond a reasonable doubt" (*People v Thorpe*, 141 AD3d 927, 928 [2016], *lv denied* 28 NY3d 1031 [2016]).

The victim testified that when she was 12 years old, she felt ill one morning and stayed home from school. She and defendant were alone in the house, and defendant asked about her illness. She told him that her chest hurt because it was congested, and defendant began to rub her breasts underneath her bra, including her nipples. The victim did not ask him to stop because she "was scared and very nervous and confused." Defendant then asked if he could rub her feet, and she agreed. However, he then moved his hand up her inner thigh, touched what she referred to as her "vagina" with his fingers, and then pulled her shorts and underwear aside and touched her vagina with his tongue. The victim stated that she began coughing to get away from defendant and went to her room. He followed her, apologized and left. The victim called her mother, asked her to come home and, upon her arrival, told her what had happened. The victim's mother testified that the victim told her that defendant had sexual contact with her and "just crumbled into the kitchen floor."

A State Police investigator testified that, later that day, he met with defendant, who told the investigator that he had touched the victim's breasts underneath her clothing and had

"massaged" her body, including her inner thighs and her pubic hair. He claimed that this conduct was part of a therapeutic massage, but acknowledged that he was not a masseur. He denied penetrating the victim's vagina but admitted that he had touched her vagina and her pubic hair with his hand and fingers. He denied that he had touched the victim's vagina with his tongue or mouth, but stated that he had "blown" or "breathed heavy" on the victim's inner thigh. The jury was entitled to credit the victim's testimony regarding defendant's oral sexual conduct despite defendant's denial, and we find that the verdict was not against the weight of the evidence (see *People v Monroe*, 134 AD3d 1138, 1139-1140 [2015]; *People v Artis*, 90 AD3d 1240, 1240 [2011], *lv denied* 18 NY3d 955 [2012]).

Defendant next asserts that County Court erred in denying his motion to suppress his statements to the investigator on the ground that defendant's waiver of his *Miranda* rights was not intelligent, voluntary and knowing. The investigator testified at the suppression hearing that he and another officer approached defendant while he was playing golf; the investigator was wearing plain clothes, and the other officer was in uniform. They asked defendant if he would accompany them to the station, and he agreed to do so. The investigator asked if defendant would prefer to ride in the officers' marked police car, and defendant accepted a ride to the station. He was not placed in handcuffs during the one- or two-minute trip. The ensuing interview, which was not recorded, took place in the investigator's office. According to the investigator, defendant sat in the seat nearest to the closed door and accepted a bottle of water before the investigator read him his *Miranda* rights. He then acknowledged that he understood these rights and agreed to speak with the investigator. The investigator stated that defendant did not ask to leave, refuse to answer questions or ask for an attorney during the conversation, which lasted about 30 minutes. Defendant initially agreed to the investigator's request for a written statement and initialed his *Miranda* rights on a printed form after the investigator reread them to him. However, defendant then refused to sign the form and asked for the questioning to end, at which point the investigator placed him under arrest. Defendant told the investigator that he had consumed some alcohol that day and had taken some pain medication for a sore leg, but did not specify how much. The investigator testified that he was experienced in recognizing signs that a person was under the influence of various substances and that defendant did not seem to be intoxicated or impaired.

After considering the totality of these circumstances, including "the location, length and atmosphere of the questioning, whether police significantly restricted defendant's freedom of action, the degree of defendant's cooperation, and whether the questioning was accusatory or investigatory" (*People v Pagan*, 97 AD3d 963, 966 [2012], *lv denied* 20 NY3d 934 [2012]), we agree with County Court that the People established that an innocent person would not have believed that he or she was in custody during the interview and, thus, defendant's statements were not made during a custodial interrogation (*see People v Yukl*, 25 NY2d 585, 591-592 [1969], *cert denied* 400 US 851 [1970]; *People v Eriksen*, 145 AD3d 1110, 1112 [2016], *lv denied* 28 NY3d 1183 [2017]; *People v Henry*, 114 AD3d 1025, 1027 [2014], *lv dismissed* 22 NY3d 1199 [2014]). Accordingly, defendant's suppression motion was properly denied.[1]

Defendant's contention that he was denied a fair trial by improper prosecutorial comments during summation is unpreserved, as his counsel failed to make timely objections (*see People v Rivera*, 124 AD3d 1070, 1074-1075 [2015], *lv denied* 26 NY3d 971 [2015]), and we decline to take corrective action in the interest of justice. Defendant's related claim of ineffective assistance of counsel arising from the failure to preserve this issue is without merit, as the challenged remarks constituted fair comment on the evidence, and any related objections would have been unlikely to succeed (*see People v Johnson*, 151 AD3d 1462, 1466 [2017]; *People v Scippio*, 144 AD3d 1184, 1187 [2016], *lv denied* 28 NY3d 1150 [2017]).

Defendant's remaining ineffective assistance claims are likewise unavailing. Defendant did not establish the absence of a strategic explanation for his counsel's alleged failure to conduct further investigation to determine whether defendant or another individual was the source of saliva from an unknown male donor that, according to a serology report, was found on the victim's underwear (*see People v Welch*, 137 AD3d 1313, 1314-1315 [2016], *lv denied* 27 NY3d 1141 [2016]). Notably, defense counsel advised County Court at the outset of the trial that he and defendant had discussed the possibility of requesting an adjournment for further investigation of this issue, and that defendant had rejected this option and instead wanted to proceed with the trial as scheduled. Defendant confirmed on the record that he wished to go forward without additional investigation.

---

1. Although the warnings were unnecessary, the record further establishes that defendant freely and voluntarily waived his rights after the warnings were given (*see People v Dale*, 115 AD3d 1002, 1003 [2014]).

Defendant next challenges his counsel's alleged failure to challenge the investigator's credibility by pointing out a purported inconsistency between his testimony before the grand jury and at trial regarding one of defendant's admissions. The record—which does not include the grand jury minutes—reveals that the investigator's trial testimony on this point was entirely consistent with the People's CPL 710.30 notice, which the investigator signed before he testified before the grand jury. Moreover, after reviewing the grand jury minutes, County Court stated that the investigator's grand jury testimony about this admission corroborated the victim's assertions.[2] Defense counsel challenged the investigator's credibility during cross-examination by focusing on the investigator's alleged inexperience and flawed interviewing technique. Defendant did not prove that there was no strategic explanation for counsel's election to limit his challenges in this manner rather than eliciting additional, potentially damaging testimony from the investigator about defendant's admissions of sexual contact with the victim (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]).

Defendant's final claim of ineffective assistance—that his counsel failed to move to dismiss the indictment on statutory speedy trial grounds despite a lapse of more than six months between the commencement of the action and the People's declaration of readiness—cannot be resolved on this record. Notably, defense counsel did not fail to address the statutory speedy trial issue. Rather, before beginning to select the jury, counsel specifically raised the issue by acknowledging his obligation to raise any valid speedy trial claims, stating that he believed that the People had complied with their obligations pursuant to CPL 30.30 and making an ultimately unsuccessful claim that a constitutional violation had occurred. No further discussion of this issue occurred. The record does not contain sufficient information to permit us to determine whether counsel's belief regarding the People's statutory compliance was correct. Thus, the claim that defendant was deprived of effective assistance on this ground would more properly be raised in a CPL article 440 motion (*see People v Joaquin*, 150 AD3d 618, 619-620 [2017], *lv denied* 29 NY3d 1128 [2017]; *People v Burch*, 97 AD3d 987, 990 [2012], *lv denied* 19 NY3d 1101 [2012]; *see also People v Youngs*, 101 AD3d 1589, 1589 [2012], *lv denied* 20 NY3d 1105 [2013]).

---

**2.** The record thus provides no support for defendant's assertion that, in permitting the investigator to testify about the admission in question, the People obtained defendant's conviction in reliance upon evidence that they knew to be false.

Defendant's contention that his sentence was a punishment for his rejection of a plea bargain that offered him a shorter prison term is without merit, as a mere disparity between a plea offer and a sentence does not establish that the sentence was retaliatory where, as here, there is no other record support for that claim (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Nichol*, 121 AD3d 1174, 1178 [2014], *lv denied* 25 NY3d 1205 [2015]). Considering the nature of defendant's crime and his failure to accept responsibility for his actions, we perceive no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v St. Ives*, 145 AD3d 1185, 1188 [2016], *lv denied* 29 NY3d 1036 [2017]; *People v VanDeusen*, 129 AD3d 1325, 1327 [2015], *lv denied* 26 NY3d 972 [2015]; *People v Lancaster*, 121 AD3d 1301, 1304 [2014], *lv denied* 24 NY3d 1121 [2015]).

Egan Jr., Lynch, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed.