People v Sparks (2018 NY Slip Op 02832)





People v Sparks


2018 NY Slip Op 02832


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

107255

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RALPH SPARKS, Also Known as LUIS CONCEPCION, Appellant.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Del Atwell, East Hampton, for appellant, and appellant pro se.
James R. Farrell, District Attorney, Monticello, for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered December 23, 2014, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of burglary in the second degree (three counts), petit larceny (three counts), grand larceny in the fourth degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, without a hearing.
In December 2002, defendant unlawfully entered three residences in Sullivan County and stole assorted items ranging
from jewelry and cash to a loaded pistol. He was charged with various crimes in a 10-count indictment and, after a nonjury trial, was found guilty of all counts. County Court sentenced him, as a second violent felony offender, to an aggregate prison term of 25 years plus postrelease supervision. We affirmed the judgment of conviction (13 AD3d 813 [2004], lvs denied 4 NY3d 829, 836 [2005]). Defendant later moved, pursuant to CPL 440.20, to set aside his sentence, arguing that the New Jersey conviction used to elevate him to a second violent felony offender was not the equivalent of a New York felony. County Court denied the motion in March 2011, and defendant appealed from said order by permission. While that appeal was pending, the People acknowledged that defendant had been incorrectly sentenced as a second violent felony offender. Consequently, County Court resentenced defendant in June 2012 without enhancement for prior convictions, and we dismissed defendant's appeal from the March 2011 order as moot (105 AD3d 1073 [2013], lvs denied 21 NY3d 1003, 1010 [2013]). Defendant then appealed [*2]from the June 2012 judgment resentencing him, challenging, among other things, the severity of the new sentence imposed. We affirmed said judgment (id.). Thereafter, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction on the basis that, because his trial counsel was ineffective, he did not knowingly, intelligently and voluntarily waive his right to a jury trial. County Court denied the motion without a hearing, and defendant now appeals, by permission.
We affirm. Initially, many of defendant's arguments are unpreserved for our review, as he did not raise them before County Court or in his postconviction motion (see People v Beckingham, 134 AD3d 1255, 1255 [2015], lv denied 27 NY3d 992 [2016]; People v Knox, 32 AD3d 617, 618 [2006], lv dismissed 7 NY3d 899 [2006], lv denied 7 NY3d 903 [2006]). These unpreserved arguments include his claims that County Court erred in resentencing him without first obtaining an updated presentence investigation report, impermissibly relied upon factual findings during sentencing made in violation of Apprendi v New Jersey (530 US 466 [2000]) and abused its discretion by not, sua sponte, recusing itself from resentencing defendant, as well as his assertion that he was denied the effective assistance of counsel during resentencing as a result of his attorney's failure to raise the three foregoing arguments. As to defendant's challenge to the severity of the sentence imposed, we have already determined, on defendant's direct appeal from the June 2012 judgment of conviction, that the sentence was neither harsh nor excessive (105 AD3d at 1075).
We have considered the contentions advanced by defendant in his pro se supplemental brief, including his ineffective assistance of counsel claim, and find them to be without merit.
McCarthy, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed.