People v Miller (2021 NY Slip Op 06004)





People v Miller


2021 NY Slip Op 06004


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

110512 112118
[*1]The People of the State of New York, Respondent,
v
Scott Miller, Appellant.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Clark, J.
Appeals (1) from a judgment of the County Court of Clinton County (Favreau, J.), rendered June 6, 2018, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (two counts) and burglary in the third degree (17 counts), and (2) by permission, from an order of said court, entered September 4, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.
In January 2018, with no promises as to sentencing, defendant pleaded guilty to 19 counts in an indictment, including two counts of burglary in the second degree and 17 counts of burglary in the third degree.[FN1] Defendant was thereafter sentenced, as a second violent felony offender, to a prison term of 12½ years, followed by five years of postrelease supervision, on each conviction of burglary in the second degree (counts 1 and 20) and to a prison term of 3½ to 7 years on each conviction of burglary in the third degree (counts 2-18). County Court directed that the sentences on counts 1 and 20 were to run concurrently with each other, that the sentences on counts 2 through 16 were to run concurrently to each other, but consecutively to the sentences on counts 1 and 20, and that the sentences on counts 17 and 18 were to run concurrently to each other, but consecutively to the sentences imposed on counts 1 and 20, as well as the sentences imposed on counts 2 through 16. Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, arguing that his prior counsel failed to seek dismissal of the indictment on speedy trial grounds and, thus, provided him with ineffective assistance of counsel. Following a hearing, County Court denied the motion. Defendant appeals from the judgment of conviction and, with permission, from the order denying his CPL 440.10 motion.
With respect to the judgment of conviction, we find no merit to defendant's contention that, following a Huntley hearing, County Court failed to set forth on the record its findings of fact and conclusions of law, as required by CPL 710.60 (6). Contrary to defendant's contention, after the Huntley hearing, County Court rendered a decision from the bench, during which it expressed agreement with the assertions made by the People in their closing statement and explicitly determined that defendant's statement was voluntarily given in the presence of his attorney after he was properly advised of his Miranda rights. A review of the hearing transcript reveals that County Court issued its bench decision after hearing testimony from the police investigator who administered the Miranda warnings and was present for defendant's statement and after watching the recording of defendant's interview, which was admitted into evidence. As the court sufficiently set forth its findings of fact and applied the proper legal standard in rendering its conclusions of law (see CPL 710.60 [6]), there is no basis upon which to disturb County Court's denial [*2]of defendant's suppression motion (see People v Lee, 158 AD3d 982, 982-983 [2018]; People v Pagan, 103 AD3d 978, 979 [2013], lv denied 21 NY3d 1018 [2013]).
Defendant, however, correctly asserts that his uniform sentence and commitment form must be amended. A review of the sentencing minutes reflects that County Court imposed a total of $18,000 in fines upon defendant, rather than $18,500 as is currently stated on the form. The uniform sentence and commitment form should therefore be amended accordingly (see People v Sanders, 185 AD3d 1280, 1287-1288 [2020], lv denied 35 NY3d 1115 [2020]; People v Williams, 163 AD3d 1160, 1165-1166 [2018], lvs denied 32 NY3d 1170, 1179 [2019]).
Turning to defendant's CPL 440.10 motion, defendant argues that the People failed to contradict or refute his allegation of ineffective assistance of counsel in their initial opposition to his motion and that, as a result, County Court should have granted his motion without a hearing. Such argument is wholly without merit. Even if we were to agree with defendant that the People's initial answering papers failed to contradict or refute his allegation of ineffective assistance of counsel (which we do not), any such failure would not automatically entitle defendant to the relief requested in the motion, as defendant bears the ultimate burden of establishing a legal basis to vacate the judgment of conviction (see CPL 440.10 [1]; 440.30 [3]) and the People may — but are not required to — file "an answer denying or admitting any or all of the allegations of the motion papers" (CPL 440.30 [1] [a]; see People v Wright, 129 AD3d 1217, 1218 n 1 [2015], affd 27 NY3d 516 [2016]). A review of defendant's motion papers reveals that he failed to support his allegation of ineffective assistance of counsel with "sworn allegations" and, thus, did not demonstrate his entitlement to summary relief (CPL 440.30 [1] [a]; [3] [b]).
On the merits of defendant's motion, defendant argues that his prior defense counsel was ineffective for failing to seek dismissal of the indictment on speedy trial grounds. Upon review of the evidence and according deference to County Court's credibility determinations (see People v Bodah, 67 AD3d 1195, 1196 [2009], lv denied 14 NY3d 838 [2010]), we agree with County Court that, upon accounting for periods of excludable delay, the People declared readiness for trial within the statutorily-prescribed six-month period (see CPL 30.30 [1] [a]). As such, a motion for dismissal of the indictment on speedy trial grounds would have had little or no chance of success and, consequently, the failure to make such a motion does not amount to ineffective assistance of counsel (see People v Caban, 5 NY3d 143, 152 [2005]; People v Young, 190 AD3d 1087, 1094 [2021], lvs denied 36 NY3d 1100, 1102 [2021]; People v Gerald, 153 AD3d 1029, 1031 [2017]). Accordingly, there is no basis upon which to disturb County Court's denial of defendant's motion after a hearing.
Egan Jr., [*3]J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order and judgment are affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.



Footnotes

Footnote 1: Although the indictment initially contained 20 counts, County Court dismissed count 19, which charged defendant with grand larceny in the third degree, on the ground that the evidence before the grand jury on that count was legally insufficient.