People v Jones (2026 NY Slip Op 01250)

People v Jones

2026 NY Slip Op 01250

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CR-24-0542
[*1]The People of the State of New York, Respondent,
vBruce Jones, Appellant.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Christopher Hammond, Cooperstown, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Clark, J.
Appeal, by permission, from an order of the County Court of Chemung County (Ottavio Campanella, J.), entered November 21, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a weapon in the second degree, after a hearing.
The facts of this case are more fully set forth in our prior decision (210 AD3d 150 [3d Dept 2022]). Defendant pleaded guilty to the crime of criminal possession of a weapon in the second degree in connection with the recovery of a weapon found during a search of a vehicle in which he was a passenger at the time of a traffic stop. Although this Court affirmed the judgment of conviction upon defendant's direct appeal, we reversed an order that had summarily denied his motion to vacate the conviction pursuant to CPL 440.10 and remitted the matter to County Court for a hearing on the motion (id. at 156). Upon remittal, County Court held a hearing on the issue of whether the traffic stop that led to defendant's arrest in 2017 was based upon racial profiling. County Court found that defendant did not meet his burden of proof in that regard and denied his motion pursuant to CPL article 440. Defendant appeals by permission of this Court, and we affirm.
To prevail on his motion to set aside the verdict under the circumstances of this case, defendant had the burden to prove by a preponderance of the evidence that the stop of the vehicle in which he was a passenger was predicated upon racial profiling (see id. at 155, 156; CPL 440.30 [6]). As we explained in our prior decision, such analysis necessarily requires, among other things, "an objective [review] of the facts and circumstances of the entire police encounter" (210 AD3d at 156).
In that regard, the evidence presented at the hearing on defendant's postconviction motion established that, on the date in question, a police lieutenant was conducting surveillance for suspected drug activity in an area within the City of Elmira, Chemung County. The lieutenant saw a vehicle driven by defendant's girlfriend pull into a convenience store parking lot, observed the girlfriend go into the convenience store and saw defendant exit the vehicle and head toward a home that was under surveillance. The lieutenant contacted a plain clothes officer in the nearby vicinity and told him to be on alert in case assistance was needed. After the lieutenant observed defendant return to the vehicle only a few minutes later — which, in his view, was indicative of "possibl[e] drug activity" — the girlfriend pulled out of the parking lot without using her traffic signal and then turned onto the main road, again without using her traffic signal. The plain clothes officer, at the behest of the lieutenant, then effectuated the traffic stop of the girlfriend's vehicle and another officer also responded to the scene. The officers ultimately searched the vehicle, in which they located a backpack containing the weapon that defendant [*2]was later charged with possessing.
During the hearing, defendant's girlfriend testified that the plain clothes officer who effectuated the traffic stop made racist comments to her about defendant after he had been ordered to step out of the vehicle. Defendant, for his part, confirmed during the hearing that he did not hear the alleged racist comments relayed by the girlfriend, but that he was out of earshot at the time. In addition to relying on the girlfriend's testimony to support his claim of racial profiling, defendant also entered into evidence videos that the plain clothes officer posted on his Facebook account approximately three years after the stop and arrest.
In opposition to defendant's claim of racial profiling, the People relied on testimony from the lieutenant, the plain clothes police officer who effectuated the traffic stop, another police officer who was on the scene following the stop, and an officer who was present for an interview of the girlfriend conducted at the police station. All of these officers testified that no one witnessed or made any racist comments to the girlfriend or defendant. The People also entered into evidence two videos from the City of Elmira Police Department depicting defendant's and the girlfriend's interviews with officers at the police station following the stop.[FN1] As depicted in these videos, during her interview, the girlfriend spoke freely to the officer who allegedly made the racist statements and spent significant time speaking to a detective, trying to assist defendant in not being charged. The videos further show that defendant voluntarily spoke to the officer who allegedly made the racist statements.
Assessing the evidence presented at the hearing, County Court determined that defendant did not prove the allegations of racial profiling by a preponderance of the evidence, finding the girlfriend's testimony to be less credible than that of the police officers. Having had the opportunity to see and evaluate the witnesses, County Court's credibility determinations are entitled to great deference by this Court (see People v Miller, 199 AD3d 1058, 1060 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]; People v Bodah, 67 AD3d 1195, 1196 [3d Dept 2009], lv denied 14 NY3d 838 [2010]), and we find no reason or rationale to disturb those credibility determinations. The social media posts made by the officer who effectuated the arrest, made three years after the incident in question, do not establish by a preponderance of the evidence that defendant's stop was based upon racial profiling, particularly in light of the fact that the lieutenant is the individual who told the plain clothes officer to effectuate the stop. As defendant failed to meet his burden of proof by a preponderance of the evidence, we find that County Court properly denied his CPL 440.10 motion. Defendant's remaining contentions have been reviewed and are without merit.
Garry, P.J., Pritzker, Powers and Corcoran, JJ., concur.
ORDERED [*3]that the order is affirmed.

Footnotes

Footnote 1: We have reviewed those videos in connection with this appeal.